IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cr-250-ECM |
| | ) | [WO] |
| JEFFERY WAYNE PARKER | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

This case is set for jury selection and trial on August 11, 2025. Defendant Jeffery Wayne Parker ("Parker") is charged in a one-count indictment with possession of a firearm and ammunition by a convicted felon on or about October 10, 2023, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Now pending before the Court is Parker's motion in limine seeking a pretrial ruling on the admissibility of certain evidence at trial which, according to Parker and described in more detail below, is relevant to (1) whether he knew he was a felon, and (2) whether he can avail himself of an affirmative defense in 18 U.S.C. § 921(a)(20) because he had reason to believe he had been pardoned. (Doc. 19). The motion is fully briefed and ripe for review. (Docs. 24, 25, 26, 30).

**II. BACKGROUND**

According to Parker, the evidence at trial will show that on October 10, 2023, the Pike County Sheriff's Office ("PCSO") executed a search warrant on Parker's property. Parker had a pistol on his hip, and the PCSO determined the pistol had been reported as stolen. Parker ultimately was arrested.

Although Parker asserts that there are no stipulations for trial at this time, he acknowledges (at least for purposes of this motion) that he had "previously been convicted of felonies, the most recent being in 2003." (Doc. 19 at 3). He has convictions out of the State of Alabama and one conviction out of the State of Florida. He also agrees that § 921(a)(20) is an affirmative defense for which the defendant bears the burden of production. *See United States v. Jackson*, 57 F.3d 1012, 1016 (11th Cir. 1995) ("[T]he defendant, and not the government, bears the burden—at least the burden of going forward with evidence—concerning the [§ 921(a)(20)] . . . exception."); *see also United States v. Shamsid-Deen*, 61 F.4th 935, 949 (11th Cir. 2023) (describing *Jackson* as determining that the defendant bears the burden of production on a § 921(a)(20) defense).

Parker seeks to introduce the following evidence: (1) in 2009, Parker applied for a pardon ("Pardon") through the Alabama Bureau of Pardons and Paroles, and he received an affirmative response indicating a Pardon had been granted; (2) the Pardon was limited to restoring Parker's right to vote; (3) Parker did not realize his Pardon had this caveat until after 2023; (4) in 2023, Parker believed he was not a felon because he believed he had been pardoned. In support of his belief that he was not a felon, Parker offers the following evidence: he did not realize the Pardon was limited to his voting rights; he presented the Pardon to an attorney and asked if it was valid and if he could possess a firearm, and he was told it was and that he could; in 2017, the PCSO seized his firearms after he was charged with a domestic violence offense, and after the charge was dismissed, Parker presented the Pardon to the district attorney's office and he was able to retrieve the firearms

2

from the PCSO; and he routinely and openly carried a firearm in the presence of law enforcement between receiving the Pardon and up to October 10, 2023.

### III. DISCUSSION

The Court begins with background on § 922(g) and § 921(a)(20). Section 922(g) criminalizes the possession of firearms and ammunition by certain categories of persons. To secure a conviction under § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 588 U.S. 225, 237 (2019). One such category of persons is anyone "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), commonly referred to as "felons." To prove that Parker violated § 922(g)(1), the Government must prove beyond a reasonable doubt that:

> (1) Parker knowingly possessed a firearm in or affecting interstate or foreign commerce;
> (2) before possessing the firearm, Parker had been convicted of a felony—a crime punishable by imprisonment for more than one year; and
> (3) at the time Parker possessed the firearm, Parker knew he had previously been convicted of a felony.

Eleventh Circuit Pattern Jury Instruction O34.6 (Apr. 2024), *located at* https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedAPR2024.pdf.

However, § 921(a)(20) provides an affirmative defense based on enumerated postconviction events, including pardons and restoration of the defendant's civil rights. Section 921(a)(20) states in relevant part that "[a]ny conviction . . . for which a person had

3

been pardoned or has had civil rights restored shall not be considered a conviction" for purposes of § 922(g)(1). 18 U.S.C. § 921(a)(20). The United States Supreme Court had referred to this provision as the "exemption clause." *E.g.*, *Beecham v. United States*, 511 U.S. 368, 371 (1994). "The exemption clause does not simply say that a person whose civil rights have been restored [or who has been pardoned] is exempted from § 922(g)'s firearms disqualification. It says that the person's conviction 'shall not be considered a conviction.'" *Id.* at 372.

At trial, Parker seeks to argue that he "did not believe he was in the 'relevant category of persons barred from possessing a firearm' and did not believe he was a felon as that term is used in §§ 922(g) and 921(a)(20), because he believed he had [] been pardoned." (Doc. 19 at 6). He contends that his proffered evidence is relevant to (1) whether he knew he was in the "relevant category of persons barred from possessing a firearm," an element of the charged offense which the Government must prove; and (2) whether he can avail himself of the affirmative defense in § 921(a)(20).

To resolve Parker's motion, the Court must decide: (1) whether Parker's proffered evidence is admissible to show that he did not know he was a felon because he had a bona fide, albeit mistaken, belief that he had been pardoned; and (2) which party bears the burden of persuasion on the affirmative defense set forth in 18 U.S.C. § 921(a)(20) and the applicable standard (subjective vs. objective). The Court recently addressed the second issue. *See United States v. Windham*, 2025 WL 1812901 (M.D. Ala. July 1, 2025). The Court concludes that, on this record and based on the parties' submissions, Parker's proffered evidence is admissible to show that he did not know he was a felon at the time

he possessed the firearm. The Court also concludes that, consistent with its earlier decision in *Windham*, Parker bears the burden of persuasion on the § 921(a)(20) affirmative defense, and his mere subjective belief that he had been pardoned is insufficient as a matter of law.

### A. Knowledge of Felon Status

Parker argues that his proffered evidence is circumstantial evidence which tends to support a finding that he did *not* know he was in the relevant category of persons—felons— when he possessed the firearm. He argues that he genuinely, but mistakenly, believed he had been pardoned, and thus that he was not a felon as defined in § 922(g)(1). Parker cites *Rehaif*'s recognition that a mistake of law can supply a defense where "a defendant 'has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct,' thereby negating an element of the offense." 588 U.S. at 234. In particular, *Rehaif* explained that "[a] defendant who does not know that he is an alien 'illegally or unlawfully in the United States' does not have the guilty state of mind that the statute's language and purposes require." *Id.* This type of "mistake of law," Parker explains, is distinguishable from a defendant's claim that he did not know it was illegal for felons to possess firearms, which would *not* be a viable defense. *Cf., e.g.*, *Elonis v. United States*, 575 U.S. 723, 734–35 (2015) ("This is not to say that a defendant must know that his conduct is illegal before he may be found guilty. The familiar maxim 'ignorance of the law is no excuse' typically holds true. Instead, our cases have explained that a defendant generally must 'know the facts that make his conduct fit the definition of the offense,' even if he does not know that those facts give rise to a crime." (quoting *Staples v. United States*, 511 U.S. 600, 608 n.3 (1994))).

5

According to Parker, he had a mistaken impression concerning the legal effect of a collateral matter—his receipt of a Pardon from the Alabama Bureau of Pardons and Paroles—and this mistake resulted in a misunderstanding about whether he had been pardoned. He contends that this evidence is relevant and admissible on the issue of whether he had the requisite mental state to commit the § 922(g) offense: that is, whether he knew he was a felon. He acknowledges that a jury may disregard his claimed belief but urges that the jury should be able to decide the issue.

At least two circuits have suggested that Parker's proffered defense, or a substantially similar one, is available post-*Rehaif* to rebut the knowledge element in a § 922(g) prosecution. *United States v. Sjodin*, 139 F.4th 1188, 1199–1200 (10th Cir. June 11, 2025) (suggesting that a defendant's sincere but mistaken belief that his rights had been restored could be a viable defense in light of *Rehaif*, but not resolving the ultimate question because the defendant failed to proffer evidence about his belief); *United States v. Boyd*, 999 F.3d 171, 181 (3d Cir. 2021) ("On its face, [the] argument [that the defendant lacked knowledge about his status as a defense rooted in an exception] is plausible in light of *Rehaif* . . . by arguing a *bona fide* mistake of law, meaning that he 'has a mistaken impression concerning the legal effect of some collateral matter.'" (citation omitted)) (declining to decide whether a mistake of law defense was available in this context because the government provided "overwhelming evidence" to demonstrate the defendant's knowledge). And Parker is entitled to present evidence relevant to his knowledge. *Cf. United States v. Russell*, 957 F.3d 1249, 1253 (11th Cir. 2020) (concluding that the district

6

court committed plain error by "excluding evidence relevant to [the defendant's] knowledge of his immigration status").

The Government did not address Parker's *Rehaif* argument in its initial response, instead focusing on the § 921(a)(20) affirmative defense. (*See* doc. 24). And it is not clear from the Government's surreply whether its arguments were aimed at the knowledge issue. (*See* doc. 26). For example, the Government states that Parker "believes the pardon restored his gun rights" but that the Pardon "did not restore gun rights." (*Id.* at 1–2). What is clear is the Government does not argue that Parker's case does not fall within the "mistaken impression" situation contemplated by *Rehaif*. The Government also does not address the out-of-circuit caselaw cited by Parker.

The Government does contend that Parker should not be allowed to "argue his belief that his gun rights were restored . . . because his conviction out of the State of Florida also would have prohibited him from possessing a firearm." (*Id.* at 2). The Government further argues that allowing Parker "to argue his subjective belief that his gun rights were restored would only confuse the jury" because Parker "would be relying solely on the Alabama conviction and subsequent pardon and would be disregarding his felony conviction in the State of Florida that was not pardoned." (*Id.*). The Government does not cite any caselaw or authority in support of this position.[1]

---

[1] The Court observes that pursuant to § 921(a)(20), "[w]hat constitutes a conviction of ["a crime punishable by imprisonment for a term exceeding one year"] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." Moreover, the Supreme Court held that whether a person "has had civil rights restored" pursuant to § 921(a)(20) is governed by the law of the convicting jurisdiction. *Beecham*, 511 U.S. at 371. In so holding, the Court observed that pardons are determined by the convicting jurisdiction. *Id.*

7

As explained above, to obtain a conviction, the Government must prove beyond a reasonable doubt that, among other elements, Parker knew "he belonged to the relevant category of persons barred from possessing a firearm"—here, that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *See Rehaif*, 588 U.S. at 237.  A defendant who does not know that that he "has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" lacks "the guilty state of mind" that § 922(g)(1) requires. *See id.*  And a person who has been pardoned does not belong to a category of persons barred from possessing a firearm. *See* 18 U.S.C. § 921(a)(20); *see also Beecham*, 511 U.S. at 372 (explaining that § 921(a)(20) "does not simply say that a person whose civil rights have been restored [or who has been pardoned] is exempted from § 922(g)'s firearms disqualification.  It says that the person's conviction 'shall not be considered a conviction.'").  Moreover, a defendant may argue that he had "'a mistaken impression concerning the legal effect of some collateral matter and that mistake result[ed] in his misunderstanding the full significance of his conduct,' thereby negating an element of the offense." *Rehaif*, 588 U.S. at 234.  For these reasons, a defendant with a genuine but mistaken belief that he had been pardoned should be allowed to introduce evidence supporting such belief to rebut the Government's evidence that he had the requisite knowledge to commit a § 922(g)(1) offense.

Here, because Parker is not stipulating that he knew he had been convicted of a felony, the Government will need to put on evidence of his knowledge, which may include records of Parker's prior convictions.  Parker is entitled to present evidence relevant to his knowledge, *cf. Russell*, 957 F.3d at 1253, and he is "entitled to rebut the [G]overnment's

8

proof," *United States v. Kloess*, 251 F.3d 941, 949 (11th Cir. 2001). "Evidence is relevant if: (a) it has *any* tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401 (emphasis added). Parker's proffered evidence tends to make it less probable that he knew he had been convicted of a felony when he possessed the firearm, and his knowledge is obviously a fact of consequence.

On this record, and based on the parties' submissions, the Court finds that the Government's counterarguments go more towards the potential weight of the evidence; the Government is not precluded from making appropriate arguments to the jury to that effect. But the Government has failed to persuade the Court that Parker's evidence is inadmissible regarding his knowledge.[2]

**B. § 921(a)(20) Affirmative Defense**

The Court now turns to the § 921(a)(20) affirmative defense. The parties agree that under binding Eleventh Circuit caselaw, § 921(a)(20) presents an affirmative defense for which Parker bears the burden of production. *See Jackson*, 57 F.3d at 1016; *see also Shamsid-Deen*, 61 F.4th at 949. Two questions remain: (1) which party bears the burden of persuasion on the affirmative defense, and (2) what that party must prove or disprove— the defendant's subjective belief about whether he had been pardoned, or whether he had actually been pardoned.

---

[2] The Government has raised a concern about confusing the jury. If it is concerned, it can, for example, propose appropriate jury instructions.

Applying the logic of *Shamsid-Deen*, 61 F.4th 935, and consistent with its earlier decision in *Windham*, the Court determines the burden of persuasion for the § 921(a)(20) affirmative defense lies with Parker. In *Shamsid-Deen*, the Eleventh Circuit analyzed § 922(g)(9), which prohibits firearm possession by those who have been convicted of a "misdemeanor crime of domestic violence," and § 921(a)(33), which defines "misdemeanor crime of domestic violence" and provides an exception to that definition. Section 921(a)(33) defines "misdemeanor crime of domestic violence" as an offense that is both a misdemeanor and "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by" a person with a specified relationship with the victim. In turn, § 921(a)(33)(B)(i)(II) provides that a person "shall not be considered to have been convicted of [a misdemeanor crime of domestic violence]" unless, in a case where the person was entitled to a jury trial, the person "knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise." The question before the court was whether the defendant or the government bore the burden of persuasion for a § 921(a)(33)(B)(i)(II) defense. *See Shamsid-Deen*, 61 F.4th at 947–49.

In determining which party had the burden of persuasion, the Eleventh Circuit explained that it needed to answer "whether § 921(a)(33)(B) affirmative defenses negate, 'contradict or tend to disprove any element of' § 922(g)(9), which criminalizes possession of a firearm by a person who has been convicted of a misdemeanor crime of domestic violence, or § 921(a)(33)(A), which defines what constitutes a misdemeanor crime of domestic violence." *Id.* at 947–48 (citations omitted). If the affirmative defense negated, contradicted, or disproved an element of the offense (§ 922(g)(9)), the government would

10

bear the burden of persuasion. *See id.* at 947.  Otherwise, the defendant would bear the burden. *Cf. id.*

The court concluded that § 921(a)(33)(B) defenses "do not negate an element of the § 922(g)(9) crime" and that the defendant therefore "bears the burden of persuasion." *Id.* at 949.  The court explained that "affirmative defenses that negate elements of offenses are typically ones that negate a defendant's criminal state of mind," such as the defense of necessity. *Id.* at 948.  The court further explained that those defenses which "negate" an element of the offense "are of a different category than defenses that appear as statutory exceptions or provisos." *Id.*  The court reasoned that § 921(a)(33)(B) "does not negate a domestic violence misdemeanant's criminal state of mind; it merely creates exceptions to the default rule that an offense meeting the elements in [the statute] qualifies as a misdemeanor crime of domestic violence." *Id.* at 948.  Moreover, the court explained that § 921(a)(33)(B) allows a defendant "who did not knowingly and intelligently waive his right to a jury trial 'to avoid liability because' the absence of a valid waiver 'negates a conclusion of guilt even though the necessary *mens rea*' for the misdemeanor crime of domestic violence 'was present.'" *Id.* at 948–49 (italics in original) (quoting *United States v. Dixon*, 548 U.S. 1, 7 (2006)).[3]  But, the court continued, § 921(a)(33)(B) "doesn't negate or tend to disprove that [the defendant] committed that crime.  It doesn't invalidate his

---

[3] The Court observes that the *Shamsid-Deen* court referred to the necessary *mens rea* for the underlying misdemeanor offense, as opposed to the necessary *mens rea* for the crime of possession of a firearm by a person who has been convicted of the relevant misdemeanor.  In any event, *Shamsid-Deen*'s holding does not foreclose the conclusion that a § 922(g)(1) defendant may refute the knowledge element with evidence that he genuinely but mistakenly believed he had been pardoned.

11

conviction. It just allows him to avoid having that conviction used as a qualifying predicate for a § 922(g)(9) charge." *Shamsid-Deen*, 61 F.4th at 949.

The Court concludes that *Shamsid-Deen*'s analysis and conclusion applies with equal force here. The relevant prohibited class in § 922(g)(1) comprises those who have "been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." Section 921(a)(20) "merely creates exceptions to the default rule that" a crime punishable by imprisonment for a term exceeding one year qualifies as a conviction for purposes of § 922(g)(1). *See Shamsid-Deen*, 61 F.4th at 948. Like the absence of a valid jury trial waiver, a pardon "doesn't negate or tend to disprove that [the defendant] committed [a felony]. . . . It just allows him to avoid having th[e] [felony] conviction used as a qualifying predicate for a [§ 922(g)(1)] charge." *See id.* at 949. While Parker attempts to distinguish *Shamsid-Deen* from this case, the Court finds those efforts unpersuasive. Thus, the Court concludes that Parker bears both the burdens of production and persuasion for a § 921(a)(20) defense.

The Court now must address whether § 921(a)(20) embodies an objective or a subjective standard. Parker suggests that he can meet his burden with evidence that he subjectively believed that he had been pardoned. By contrast, the Government embraces an objective standard, contending that Parker must show that he was actually pardoned. After considering the parties' arguments, and consistent with its prior decision in *Windham*, the Court concludes that it is an objective standard.

"The starting point"—and here, the ending point—"for statutory interpretation is the language of the statute." *United States v. Dawson*, 64 F.4th 1227, 1236 (11th Cir. 2023).

12

Section 921(a)(20) provides that "[a]ny conviction . . . for which a person had been pardoned . . . shall not be considered a conviction" for purposes of § 922(g)(1). 18 U.S.C. § 921(a)(20) (emphasis added). "Nothing in the statutory language asks what a person believes." *See United States v. Burnett*, 641 F.3d 894, 896 (7th Cir. 2011) (concluding that § 921(a)(20) "sets an objective standard"). Thus, the Court concludes that § 921(a)(20) "sets an objective standard," *see id.*, and a defendant's subjective belief that he had been pardoned is insufficient as a matter of law for the defendant to avail himself of the § 921(a)(20) affirmative defense.

## IV.  CONCLUSION

For the reasons stated above, and for good cause, it is

ORDERED that Parker's motion in limine (doc. 19) is GRANTED IN PART to the extent that his proffered evidence is admissible on the issue of whether he knew he was a felon when he possessed the firearm at issue.  The motion is DENIED in all other respects.

DONE this 28th day of July, 2025.

                                            /s/ Emily C. Marks
                                     EMILY C. MARKS
                                     CHIEF UNITED STATES DISTRICT JUDGE